UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE LUIS ROMAN,

     **Plaintiff,**

v.                                                                    Case No.:  6:25-cv-816-CEM-NWH

COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (the "Motion") (Doc. 37). Specifically, Plaintiff requests a fee award of $8,030.17 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (hereinafter, the "EAJA"). For the reasons set forth below, I respectfully recommend that the Motion be granted.

### I.     Background

Plaintiff initiated this action on May 8, 2025, after a final decision of the Commissioner denying his claim for Disability Insurance Benefits. (Doc. 1). Plaintiff argued that the ALJ's decision to deny benefits was not supported by substantial evidence as the available jobs identified either conflicted with the Plaintiff's residual functioning capacity (RFC) or were obsolete. (*See* Doc. 18 at 7). On November 6, 2025,

the Commissioner filed an unopposed motion to remand the matter to the Social Security Administration to "offer the claimant an opportunity for a supplemental hearing and issue a new decision." (Doc. 26). The Court granted the motion, remanded the case pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment in favor of the Plaintiff. (Docs. 33 & 34). Plaintiff filed the instant unopposed Motion on February 18, 2026.

## II.    DISCUSSION

### a.    Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fees award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Docs. 33 & 34). Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 34 & 37); *see Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that his net worth was less than two million dollars at the filing of the complaint and that the Commissioner's

---

[1] A "sentence four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

position was not substantially justified.[2] (Doc. 37 at 3). Further, the undersigned is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### b.      Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

---

[2] Since the Commissioner has not objected to the Motion, the undersigned accepts the Plaintiff's representations.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1033–34 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill[ ], experience, and reputation" in the area. *Id.* at 1034. Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009).

Plaintiff seeks fees for 36.7 hours of EAJA-related representation, composed of 26.3 hours of time for attorney Daniel Brady, 2.1 hours of time split between Andrew Flemming and Lori Tilley-Beeler, two attorneys who are not admitted to practice in the Middle District of Florida, and 8.3 hours of paralegal time split between five paralegals, Krissy Weigl, Nicole Addley, Kristen Harrington, Jordan Harcleroad, and

Angelo Andreula. (Doc. 37 at 4-6). After reviewing a description of the activities performed in relation to this matter, the undersigned determines that these hours are reasonable. (Doc. 37-1 at 1-4). The majority of the time was spent analyzing the administrative record and preparing Plaintiff's brief. (*Id.*). None of the activities appear to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff requests an award of $255.90 per hour for Attorney Daniel Brady. (*Id.* at 4-6). Very little is said about Mr. Brady in the Motion. The undersigned's own investigation reveals that Mr. Brady is a 2020 law school graduate who was admitted to the Florida Bar in the same year; since then, he has appeared in more than 133 social security cases filed in this District.[3] Based on the undersigned's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds the statutory rate of $125 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed work on this case justifies an upward adjustment from $125.

Based on the Plaintiff's representations, he used the average CPI for 2025 for "all items in South urban, all urban consumers, not seasonally adjusted" to reach the adjusted rate of $255.90. (Doc. 37-11 at 3). Courts in this district have found that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See e.g., Kurdy v. Commissioner,*

---

[3] Mr. Brady's biography is available at: https://windisability.com/about_posts/daniel-brady-esq/

No. 6:20-cv-2156,-CEM-EJK slip op. Doc. 43 at 5-6 (M.D. Fla. Aug. 23, 2022); *Zapata-Reyes v. Commissioner*, No. 6:18-cv-976-PGB-EJK, slip op. Doc. 29 at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618-CEM-EJK, slip op. Doc. 28 at 5–6 (M.D. Fla. Oct. 4, 2019).

According to the United States Department of Labor, in March 1996 when the EAJA was enacted, the CPI for all urban consumers in the Southern region was 152.4. (*See* Doc. 37-11 at 3). The average CPI for 2025 was 311.997. (*Id.*). Adjusting the $125.00 hourly rate in 1996 for inflation results in an hourly rate of $255.90 for 2025.[4] Thus, the undersigned finds that Plaintiff is entitled to $6,730.17 for time billed by Attorney Daniel Brady.

Plaintiff also seeks reimbursement of $125.00 per hour for time billed by two attorneys not admitted in the Middle District and five paralegals. The Court finds these figures reasonable, especially in light of the Commissioner's lack of objection. "In an unpublished opinion, the Eleventh Circuit has held that if an attorney is not admitted in a court as required by a local rule, a court does not abuse its discretion by compensating the attorney at a paralegal hourly rate." *Dewees v. Acting Comm'r of Soc. Sec.,* No. 6:21-cv-328-PDB, 2022 WL 1406667, at *2 (M.D. Fla. May 4, 2022) (citing *Zech v. Comm'r of Soc. Sec.,* 680 F. App'x 858, 860 (11th Cir. 2017)). Additionally, paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec.*

---

[4] The hourly rate is calculated by determining the percent increase of the CPI from 1996 to 2025 and adjusting the EAJA $125 fee cap accordingly: $(((311.997 - 152.4)/152.4) + 1) \times \$125 = 255.90)$.

*Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). The undersigned finds that Plaintiff is entitled to $1,300.00 for time billed by the five paralegals and the two non-admitted attorneys.

## III.    RECOMMENDATION

Accordingly, I respectfully recommend that the Court:

(1)    **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 37);

(2)    **AWARD** Plaintiff fees in the amount of $8,030.17; and

(3)    **ORDER** that, unless the Department of Treasury determines that Plaintiff owes a federal debt, the Commissioner must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees, *see* Doc. 37-10.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and**

**Recommendation, then they may expedite the approval process by filing notices of no objection.**

      **RECOMMENDED** in Chambers in Orlando, Florida, March 3, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Counsel of Record

9